UNITED STATES of America,
Appellee,

v.

Dushon FOSTER, also known as Jah Bee, also known as Bloody Jay Bee, also known as Ivien Jones, also known as Show Foster, also known as Shun Foster, also known as Shawn Davis, also known as Shon Foster, Defendant–Appellant,

Omar Portee, also known as OG Mack, also known as The Godfather of the Bloods, also known as The Big Homey, also known as The Unknown, also known as Anybody Killer, also known as The Almighty, also known as The Panther, also known as The Big Lion, also known as Omar Porter, also known as Amar Porter, also known as John Johnson, also known as John Varfly, also known as Pierre Johnson, also known as Ron Johnson, Lemrey Andrews, also known as Pimp Blood Red, also known as Pimp Bloody, also known as Pimp, also known as Gerald Andrews, also known as Lenny Andrews, also known as Emmy Clark, also known as Young Redd, also known as PI, Gary E. Jackson, also known as OG G, also known as Gerry G, also known as B–More, also known as Lamont Jackson, also known as Monie Jackson, also known as Pierre Johnson, also known as Maurice Johnson, also known as I–Reek Moet,

Paulette McCartha, also known as OG P Ditty Mack, also known as P Ditty, also known as Mommy, also known as Big Momma, also known as Bif Mamma, also known as Jack Ma, also known as Prelette McCartha, Raliek Moore, Jr., also known as KO, also known as OG 5–9 Brim, also known as Ronald Moore, also known as Robosin May, also known as Ronald N. May, also known as Ronni Moore, Ronnell Booth, also known as Famo, Anthony Hernandez, also known as Lucky, also known as Oliver Goldstein, also known as Michael Angel Hernandez, Setowah Varfley, also known as Afrika, also known as Sandra Griffith, also known as Peggy V. Mathis, also known as Peggy Varfley, Wanda Williams, also known as Frank Anthony Nina, also known as Katherine Moore, also known as Tina Lopez, Latia Harris, also known as Titi, also known as Donald Arson, Darryl Strong, also known as Shaheem, also known as Syed I. Shah, also known as Shiam, Jerome Frazier, also known as Rico, Jessica Bachman, also known as Katherine Moore, also known as Karen Young and LNU1–01CR0450–015, also known as Rosalie Cream, Defendants.

No. 03–1471–CR.

United States Court of Appeals, Second Circuit.

April 4, 2005.

Roger L. Stavis (Laura Lefkowitz), Stavis & Kornfeld, New York, NY, for Appellant, of counsel.

Daniel M. Gitner, Assistant United States Attorney (Elizabeth F. Maringer and Harry Sandick, Assistant United States Attorneys, David N. Kelley, United States Attorney for the Southern District of New York), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee, of counsel.

Present: CABRANES, SACK, Circuit Judges and KORMAN,* District Judge.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED** in part and **REMANDED** for consideration of whether to resentence.

Following a jury trial in the District Court, defendant Dushon Foster was convicted of one count of conspiracy to commit assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(6); one count of assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(3); and one count of discharging a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). The District Court sentenced defendant principally to 216 months' imprisonment. Defendant now appeals both from his conviction and from the determination of his sentence.

Defendant challenges his conviction on four grounds: (1) that the District Judge's relationship with the prosecutor, who was a former law clerk, created the appearance of partiality and should have resulted in the Judge's disqualification; (2) that the District Court deprived defendant of his Sixth Amendment right to a jury trial by improperly excusing for cause a prospective juror, former United States President

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

William J. Clinton; (3) that the District Court deprived defendant of a fair trial by admitting certain uncharged offense evidence and declining to provide contemporaneous limiting instructions; and (4) that certain statements admitted into evidence violated defendant's rights under the Confrontation Clause of the Sixth Amendment, as subsequently clarified by *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

█ We have considered all of defendants' arguments challenging his conviction and find each of them to be without merit. We are concerned about defendant's allegations that "famous and important people" are being excused from jury service. Indeed, the reasons given by the trial judge for striking Mr. Clinton for cause seem less than compelling. Nonetheless, defendant's claim that this practice caused a Sixth Amendment violation here is unavailing. "To succeed on a constitutional challenge based on an error during *voir dire*, appellant must show that his conviction was at the hands of a biased jury." *United States v. Perez*, 387 F.3d 201, 207 (2d Cir.2004). No such showing has been made here.

█ With respect to *Crawford*, defendant alleges that his rights under the Confrontation Clause were violated when the plea allocution of Paulette McCartha—who did not testify at defendant's trial and therefore was not subject to cross-examination—was admitted into evidence. In *Crawford*, the Supreme Court held that "[t]estimonial statements of witnesses absent from trial [are admissible] only where the declarant is unavailable, and only where the defendant has had a prior op-

portunity to cross-examine." *Crawford*, 124 S.Ct. at 1369, *abrogating Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). Since a plea allocution is a "testimonial" statement, *see United States v. McClain*, 377 F.3d 219, 221–22 (2d Cir.2004), the District Court violated defendant's Confrontation Clause rights by admitting McCartha's allocution into evidence. "It is well established that violations of the Confrontation Clause, if preserved for appellate review, are subject to harmless error review, however, and *Crawford* does not suggest otherwise." *Id.* at 222. The parties dispute whether the *Crawford* error was properly preserved. We need not resolve this question because, even if the error were properly preserved, we conclude "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *see also United States v. Jean–Baptiste*, 166 F.3d 102, 108 (2d Cir.1999) (constitutionally erroneous admission of evidence is harmless if the court "can conclude with fair assurance that that evidence did not substantially influence the jury" and if it is "highly probable that the error did not contribute to the verdict" (internal quotation marks omitted)). In reaching this conclusion, we have considered "whether the government's case against the defendant was strong; whether the evidence in question bears on an issue that is plainly critical to the jury's decision ...; whether the evidence was emphasized in the government's presentation of its case and in its arguments to the jury; and whether the case was close." *Id.* at 108–09 (internal quotation marks and citations omitted).[1]

---

1. Foster also argues that his Confrontation Clause rights were violated by other evidence admitted at trial—the testimony of Otis Kelly and Paulette McCartha's statements recorded by a cooperating witness. This argument is meritless. Kelly's testimony plainly did not run afoul of the Confrontation Clause because defendant had the opportunity to cross-examine Kelly. Nor does *Crawford* bar the admission of McCartha's recorded conversations, for these conversations were not "testimonial

Defendant also challenges his sentence on three grounds: (1) that the District Court improperly departed upward on the basis of defendant's role in the offense, relying upon Application Note 2 to U.S.S.G. § 3B1.1; (2) that the District Court erroneously placed him in Criminal History Category IV having concluded, on the basis of U.S.S.G. § 4A1.3, that Criminal History Category III significantly under-represented the seriousness of defendant's criminal history; and (3) that defendant was sentenced in violation of his Sixth Amendment rights because the Supreme Court's decision in *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), applies to the United States Sentencing Guidelines.

We conclude that defendant's first and second sentencing arguments are without merit.

Two days after oral argument in this appeal, the Supreme Court resolved the *Blakely* issue in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), rendering the Sentencing Guidelines advisory and non-binding. Defendant has informed this Court that he seeks a remand in light of the *Booker* decision and this Court's decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Accordingly, this case is remanded so that the District Court may consider whether to resentence defendant, in conformity with the currently applicable statutory requirements explicated in the *Crosby* opinion.

Any appeal taken from the District Court following this remand can be initiated only by filing a new notice of appeal. *See* Fed. R.App. P. 3, 4(b).

The judgment of the District Court convicting defendant is therefore **AFFIRMED**. The case is **REMANDED** for consideration of whether to resentence.

statements." Although the Supreme Court did not "spell out a comprehensive definition of 'testimonial'" in *Crawford*, 124 S.Ct. at 1374, "the types of statements cited by the Court as testimonial share certain characteristics; all involve a declarant's knowing responses to structured questioning in an investigative environment or a courtroom setting where the declarant would reasonably expect that his or her responses might be used in future judicial proceedings," *United States v. Saget*, 377 F.3d 223, 228 (2d Cir.2004). Accordingly, we have recently held that "that a declarant's statements to a confidential informant, whose true status is unknown to the declarant, do not constitute testimony within the meaning of *Crawford*." *Id.* at 229. McCartha's recorded statements are similarly not "testimonial."